Dear Inspector General Lynch:
This office is in receipt of your inquiry dated April 27, 1992. The opinion request has been assigned to me for research and reply.
The facts related in your letter concern a possible dual-office holding violation by a state employee. As stated in your letter, the individual is a full-time state employee at the Department of Transportation and Development. He works in the Alexandria district office from 7:30 A.M. until 4:30 P.M. and is on call for emergencies after normal work hours. After 4:30 P.M., he works for the city of Winnfield as a dispatcher for the electric and water departments of the city.
A person may not hold two full-time employment positions in state or local government, but anything less is generally permissible. See Attorney General Opinion Number 87-241, attached. The prohibition against dual full-time employment is contained in LSA-R.S. 42:63(E), which provides:
 "No person holding a full-time appointive office or full-time employment in the government of this state or of a political subdivision thereof shall at the same time hold another full-time appointive office or full-time employment in the government of the state of Louisiana, in the government of a political subdivision thereof, or in a combination of these."
Your letter states that the city considers this individual to be employed on a part-time basis because he "does not share in any of the benefits offered by the city". However, you also state he works a 40-hour workweek with the city, which would place him in the category prohibited by statute. The dual-office holding provisions define "full-time" as follows:
 "Full time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work." LSA-R.S. 42:62(4); (Emphasis added).
If he is in fact working in excess of 35 hours per week with the city, then he holds full-time employment as an employee of a political subdivision. He also holds full-time employment as a state employee. This type of simultaneous employment is prohibited by law. If the city were to cut his work hours to less than 35 hours per week, he would be considered a "part-time" city employee. It is permissible for an individual to hold full-time employment as a state employee and part-time employment with a political subdivision.
We hope this interpretation of the law will be helpful to you. Should you require further assistance, please contact our office.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: KERRY L. KILPATRICK Assistant Attorney General
RPI/KLK/ams 0078E